**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DEONTE SHAW** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-488-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI;**
**SHERIFF TYREE JONES, in His Individual Capacity**
**as Sheriff of Hinds County, Mississippi;**
**WENDELL M. FRANCE, SR., in His Individual Capacity**
**as Receiver to Operate Hinds County Detention Center;**
**AND JOHN AND JANE DOES 1 - 100** **DEFENDANTS**

**DEFENDANTS HINDS COUNTY, MISSISSIPPI AND SHERIFF TYREE JONES'S**
**ANSWERS AND AFFIRMATIVE DEFENSES**

**COME NOW**, Defendants Hinds County, Mississippi and Sheriff Tyree Jones, in His Individual Capacity as Sheriff of Hinds County, Mississippi, by and through the undersigned counsel, and respectfully file this their Answer and Affirmative Defenses to the Plaintiff's Complaint, to wit:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action as to the Answering Defendants for which relief may be granted, including, but not limited to, qualified immunity as to Sheriff Jones. Therefore, the same should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Any state law claims against these individual Defendants are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*, including but not limited to *Miss. Code Ann*. §11-46-7.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted against any Defendant, and thus, his claims must be dismissed under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**FOURTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiff and/or other unnamed third parties engaged in criminal conduct that was not foreseeable to Answering Defendants was the proximate cause of the incidents forming the basis of this lawsuit and Plaintiff's alleged injuries and damages, if any. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp. 2003).

**FIFTH AFFIRMATIVE DEFENSE**

The individual Defendant Sheriff Jones is entitled to qualified immunity from Plaintiff's claims against him. This Defendant was a public official acting in the course of their duties during the incident forming the basis of this lawsuit. Sheriff Jones did not engage in any conduct which deprived the Plaintiff of any right, privilege, nor immunity protected by the Constitution or Laws of the United States. Additionally, the conduct of the Sheriff was objectively reasonable in light of clearly established law at the time of his actions in this matter. Sheriff Jones's acts were justified and arguably justifiable in light of the information he possessed and clearly established law. As such, a reasonable official could have believed his actions lawful during the incidents forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiff's state law claims, Defendants claim the protection of the

statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, *Miss. Code Ann.* §11-46-11(2)(a)(ii) and (iii), requisite Notice of Claim complying with all statutory requirements was never submitted. Due to the failure of Plaintiff to strictly comply with those mandates, the state law claims should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

The named County official was acting within the course and scope of their employment with Hinds County, and at all times was acting objectively reasonable, and consistent with clearly established law, and for that reason, Plaintiff's federal claims are barred and Plaintiff's state law claims are barred as to Defendant Jones in his individual capacity.

**TENTH AFFIRMATIVE DEFENSE**

No action or omission by these Defendants was the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWELFTH AFFIRMATIVE DEFENSE**

At no time did any governmental actor breach any duty that was ministerial in nature,

causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

Answering Defendants specifically assert and invoke all defenses available to them as set forth in *Fed. R. Civ. P.* 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, *Heck v. Humphrey*, administrative collateral estoppel, judicial estoppel, assumption of risk, claim preclusion, comity, the *Younger* abstention doctrine, and the doctrine of unclean hands.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's injuries/damages were caused by either by Plaintiff himself or by an unknown third party, the threat of which was not foreseeable to these Defendants, and therefore, Plaintiff's claims should be dismissed.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

The acts of negligence described in the Complaint are not cognizable under 42 U.S.C. §1983.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

Punitive damages are not cognizable against the County and the Defendant in his official capacities. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi

Constitution, and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed its authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9 (1)(a) - (w) (Supp. 1997), *et seq*.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all times relevant to Plaintiff's claims, the named County official was acting in accordance with either his statutory or constitutional duties.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff has asserted official capacity claims against the County official, they are duplicative of the *Monell* claims against Hinds County and, thus, subject to dismissal.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state facts that support a claim against Hinds County and the official capacity Defendants inasmuch as Plaintiff cannot demonstrate that an official policy, practice, or custom was the moving force behind any constitutional deprivation as required by *Monell.*

**ANSWER[1]**
**(Jury Trial Demanded)**

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, Defendants answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

**Jury Trial Demanded[2]**

1. Upon information and belief, the answering Defendants are named parties in this cause of action.

**JURISDICTION AND VENUE**

2. Without waiving any other affirmative defenses related to personal jurisdiction, the Answering Defendants admit that a federal question has been raised in the subject Complaint, and as such, the Court has subject matter jurisdiction.

3. The Answering Defendants admit that this is the proper venue.

**PARTIES**

4. It is admitted that Plaintiff was incarcerated at Hinds County Detention Center ("HCDC"). The remaining allegations are denied.

5. It is admitted that Hinds County is a political subdivision of the State of Mississippi and is located within the Southern District of Mississippi. In addition, Hinds County and Sheriff Jones operate and oversee the Hinds County Detention Center ("HCDC"). The remaining allegations are denied.

---

[1] Answering Defendants use the headings in the Complaint for the ease of the Court. To the extent that these headings contain any factual allegations, they are specifically denied.
[2] Plaintiff's state law claims for negligence (Count II) and gross negligence (Count III) must be tried by a judge of this Court "without a jury[.]" *Miss. Code Ann.* §11-46-13(1).

6. Sheriff Jones is the duly-elected Sheriff of Hinds County from 2021 to present and is a final policymaker for HCDC. The remaining allegations of paragraph 6 are denied.

7. It is admitted that Defendant France is the Court appointed Receiver to operate HCDC. The remaining allegations are denied.

8. The allegations of paragraph 8 are denied.

**FACTS**

9. It is admitted that Plaintiff was arrested on a bench warrant and held at HCDC from on or about October 24, 2025, until his release. The remaining allegations are denied.

10. The allegations of paragraph 10 are denied.

11. The Answering Defendants lack sufficient information to formulate a response to the allegations of paragraph 11 and as such, deny the same.

12. Answering Defendants admit that historically, HCDC was comprised of Pods A, B, and C with four (4) respective housing units and that Pod A was closed. The remaining allegations are denied.

13. It is admitted that Plaintiff suffered a medical emergency, was found unresponsive, administered Narcan, and then provided with medical treatment. The remaining allegations are denied.

14. It is admitted that Plaintiff received medical attention at University of Mississippi Medical Center ("UMMC"). Answering Defendants lack sufficient information concerning Plaintiff's condition to formulate a response to the remaining allegations of paragraph 14 and as such, deny the same.

15. Answering Defendants lack sufficient information concerning Plaintiff's

condition to formulate a response to the allegations of paragraph 15 and as such, deny the same.

16. Answering Defendants admit that Plaintiff was discharged from UMMC into their care. Answering Defendants lack sufficient information concerning Plaintiff's medical condition to formulate a response to the remaining allegations of paragraph 16 and as such, deny the same.

17. Answering Defendants lack sufficient information concerning Plaintiff's condition to formulate a response to the allegations of paragraph 17 and as such, deny the same.

18. It is admitted that Plaintiff was released on January 1, 2026. The remaining allegations are denied as stated.

19. Answering Defendants lack sufficient information concerning Plaintiff's condition to formulate a response to the allegations of paragraph 19 and as such, deny the same.

20. Answering Defendants lack sufficient information concerning Plaintiff's condition to formulate a response to the allegations of paragraph 20 and as such, deny the same

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

**HINDS COUNTY DETENTION CENTER SUMMARY SINCE MAY 21, 2015**

23. Paragraph 23 does not contain allegations and, as such, does not require a response. To the extent a response is required, Answering Defendants incorporate their admissions and denials above as if fully restated herein.

24. The allegations of paragraph 24 are denied.

25. Exhibit A speaks for itself. The remaining allegations of paragraph 25 are denied.

26. Exhibit B speaks for itself. Answering Defendants deny the allegations contained therein.

27. Exhibit C speaks for itself.

28. Exhibit D speaks for itself.

29. Exhibits E-F speak for themselves.

30. Exhibit G speaks for itself. Answering Defendants would affirmatively aver that HCDC conditions in 2017 are entirely irrelevant to these proceedings.

31. Exhibit H speaks for itself. The remaining allegations of paragraph 31 are denied.

32. Exhibit I speaks for itself. Answering Defendants would affirmatively aver that HCDC conditions in 2017 are entirely irrelevant to these proceedings.

33. Exhibit J speaks for itself.

34. The Monitor's reports speak for themselves.

35. Exhibit K speaks for itself.

36. The Monitor's report speaks for itself.

37. The proceedings in the Department of Justice litigation speak for themselves.

38. Exhibit L speaks for itself. It is admitted that Sheriff Jones took office in December 2021.

39. The proceedings in the Department of Justice litigation speak for themselves.

40. Exhibit M speaks for itself.

41. The Monitor's report speaks for itself.

42. The allegations of paragraph 42 are admitted.

43. The Court's record in the Department of Justice litigation speaks for itself and is not relevant to the subject cause of action.

44. The Court's record in the Department of Justice litigation speaks for itself.

45. The Monitor's report speaks for itself.

46. Answering Defendants admit that Defendant France was appointed as Receiver of HCDC.

47. The allegations of paragraph 47 are admitted.

48. The Monitor's report speaks for itself.

49. The Fifth Circuit's opinion speaks for itself.

50. The Monitor's report speaks for itself.

51. Exhibit O speaks for itself. The Court's rulings referenced in subparagraph a through c speak for themselves.

52. The allegations of paragraph 52 are denied.

**1983 CAUSES OF ACTION:**
**EIGHTH AND FOURTEENTH AMENDMENTS VIOLATION;**
**PROTECTION FROM HARM AND DANGEROUS CONDITIONS OF CONFINEMENT**

53. Paragraph 53 does not contain allegations and, as such, does not require a response. To the extent a response is required, Answering Defendants incorporate their admissions and denials above as if fully restated herein.

54. The allegations of paragraph 54 are denied.

55. The allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 are denied, including, but not limited to, subparagraphs a through n.

57. The allegations of paragraph 57 are denied.

**ISOLATED INCIDENTS OF CONDUCT OR FAILURE TO ACT**

58. Paragraph 58 does not contain allegations and, as such, does not require a

response. To the extent a response is required, Answering Defendants incorporate their admissions and denials above as if fully restated herein.

59. The allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65. The allegations of paragraph 65 are denied.

**RATIFICATION**

66. Paragraph 66 does not contain allegations and, as such, does not require a response. To the extent a response is required, Answering Defendants incorporate their admissions and denials above as if fully restated herein.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

**COMPENSATORY AND PUNITIVE DAMAGES**

69. Paragraph 69 does not contain allegations and, as such, does not require a response. To the extent a response is required, Answering Defendants incorporate their admissions and denials above as if fully restated herein.

70. The allegations of paragraph 70 are denied. Answering Defendants affirmatively aver that Plaintiff is not entitled to any recovery whatsoever.

71. The allegations of paragraph 71 are denied. Answering Defendants affirmatively

aver that Plaintiff is not entitled to any recovery whatsoever.

**RESERVATION OF RIGHTS**

72. The allegations of paragraph 72 are denied. Answering Defendants object to any amendment to the subject Complaint without a factual basis for the same.

**DEMAND FOR A JURY TRIAL**

73. Upon information and belief, Answering Defendants admit that Plaintiff requests a jury trial. Answering Defendants deny that Plaintiff will meet the evidentiary standard to withstand summary judgment in order to proceed to a jury trial.

**PRAYER FOR RELIEF**

74. The allegations of paragraph 74 are denied, including, but not limited to, subparagraphs a through i. Answering Defendants affirmatively aver that Plaintiff is not entitled to any recovery whatsoever.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for and that Plaintiff be denied any relief whatsoever; and

(C) That this Court award these Defendants their attorney fees, costs, and expenses associated with the defense of the instant civil action.

**RESPECTFULLY SUBMITTED,** this the 10th day of August, 2026.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Jessica S. Malone*
Jessica S. Malone, MS Bar No. 102826
Mary McKay Griffith, MS Bar No. 100785
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendants Hinds County, Mississippi and Sheriff Tyree Jones

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: jmalone@jlpalaw.com
mgriffith@jlpalaw.com
dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Jessica S. Malone, attorney of record for Defendants Hinds County, Mississippi and Sheriff Tyree Jones, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by ECF Filing System which gave notice to the following counsel of record who have entered an appearance herein:

Jad Jamal Khalaf, Esq.
Ammie T. Nguyen, Esq.
Khalaf & Nguyen, PLLC
500 N State Street
Jackson, MS 39201
P.O. Box 320067
Flowood, MS 39232
Telephone 601-688-8888
Fax 844-350-8299
Email: Jad@601attorney.com
Ammie@601attorney.com
**Attorneys for Plaintiff**

**DATED** this the 10th day of August, 2026.

/s/ *Jessica S. Malone*
Jessica S. Malone